MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Roshni C. Kapoor, Bar No. 310612
One Market
Spear Street Tower
San Francisco, CA 94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001
brian.berry@morganlewis.com
roshni.kapoor@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Michelle L. Quach, Bar No. 335098
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001
michelle.quach@morganlewis.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LASHAWN WILLIAMS, | Case No. 3:22-cv-03107 |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF COMPLAINT** |
| vs. | |
| AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services LLC ("Amazon" or "Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 22-CV-010316 in Alameda County Superior Court, State of California.

## I.    PROCEDURAL BACKGROUND

1. On April 22, 2022, Plaintiff Dana Williams ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Alameda, titled *Dana Lashawn Williams vs. Amazon.com Services LLC, a Delaware corporation; and Does 1 through 100, inclusive*, Case No. 22CV010316.  The Complaint alleges four causes of action arising under the Fair Employment Housing Act ("FEHA") for disability discrimination, failure to provide a reasonable accommodation, failure to engage in the interactive process, and failure to prevent discrimination.

2. On May 2, 2022, Plaintiff served Defendant personally with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, Alternative Dispute Resolution (ADR) Information Package, and ADR Stipulation. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** and incorporated by reference.  A true and correct copy of the Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, Alternative Dispute Resolution (ADR) Information Package, and ADR Stipulation documents are attached as **Exhibit B** and incorporated by reference.

3. On May 16, 2022, Plaintiff filed a Proof of Service of Summons with the Superior Court.  A true and correct copy of this Proof of Service is attached as **Exhibit C** and incorporated by reference.

4. On May 25, 2022, Amazon filed and served its Answer to the Complaint.  A true and correct copy of Amazon's answer is attached as **Exhibit D** and incorporated by reference.

5. The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, Alternative Dispute Resolution (ADR) Information

Package, ADR Stipulation, Proof of Service of Summons, and Answer (attached as Exhibits A – D) constitute the entirety of the process, pleadings, and orders that have been filed and served in this case to date.

## II.     REMOVAL IS TIMELY

6.      Amazon has timely filed this Notice of Removal under 28 U.S.C. § 1446(b) because it is filed within thirty days of the May 2, 2022 service of the Summons and Complaint on Amazon. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to run on the date of service).

## III.    THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

7.      Removal to this Court is proper under 28 U.S.C. § 1332 because (i) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interests and costs; (ii) the action involves citizens of different states; and (iii) no properly joined defendant is a citizen of California.[1]

### A.     The Amount in Controversy Exceeds $75,000

8.      Although the Complaint does not allege a damages amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

9.      The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges that Defendant failed to accommodate his alleged disability in November 2021 in connection with his job application. **Ex. A** ¶¶ 15–16. Plaintiff seeks to recover "compensatory damages for lost past and future wages, earnings, and benefits," "general damages for humiliation, mental anguish, and emotional distress," "consequential damages," "punitive damages," "reasonable attorney's fees" and "reasonable costs." *Id.* ¶ 62.

---

[1] Amazon reserves the right to supplement or provide the Court with additional briefing or information necessary to appropriately assess diversity requirements with respect to the named Plaintiff. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                      NOTICE OF REMOVAL

DB2/ 43156094.1

10. While Defendant denies any and all liability to Plaintiff, based on a conservative, good-faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), as further described below, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031–35 (N.D. Cal. 2002) (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

### i. Lost Wages Alone Likely Exceed $75,000

11. Plaintiff alleges lost wages since he was denied an accommodation in November 2021. **Ex. A** ¶¶ 15–16, 62. According to the most recent case-management statistics for U.S. District Courts, a jury trial in this case likely would not occur for another two and one-half years, or approximately December 2024. *See* United States District Courts – National Judicial Caseload Profile for the Northern District of California (stating median time from filing date to trial was 30.9 months for civil cases in the Northern District of California).[2] Even assuming that the job that Plaintiff claims he was wrongfully denied paid the state's minimum-wage, by the time of trial, Plaintiff's claim for lost wages would likely exceed $75,000.00.[3] *See, e.g., Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue"

---

[2] Available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf.
[3] California's minimum wage was $13.00/hour in 2021, is $14.00/hour in 2022, and will be $23.00/hour in 2023. *See* "Minimum Wage" by California Department of Industrial Relations, https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Assuming damages at these minimum-wage rates, the value of Plaintiff's lost wages claim for a full-time job between November 2021 and December 2024 is $93,440.00 (assuming 6 weeks worked in 2021, 52 weeks in 2022 and 2023, and 50 weeks in 2024).

after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount-in-controversy calculation).

### ii. Emotional Distress Damages Alone Likely Exceed $75,000

12. Plaintiff also alleges emotional distress damages. **Ex. A** ¶ 62. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. "Emotional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA] … can be large relative to the underlying economic damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010). Because emotional distress damages frequently exceed $75,000, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977), *superseded by statute on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Indeed, numerous California Courts have awarded more than $75,000 in emotional distress damages alone. *See, e.g.*, *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of $7,550,000 in compensatory damages for emotional distress and physical injuries to six plaintiffs in age discrimination and wrongful termination case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (awarding $1,270,000 in pain and suffering to employee in age discrimination action).[4]

---

[4] *See also, e.g.*, *EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings and $350,000 in emotional distress damages); *Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-economic damages, 607% of his $70,000 in economic damages); *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010) (awarding $120,000 in non-economic damages); *Astor v. Rent-A-Center*, Docket No: 03AS048644 (Sacramento Cnty. Super. Ct. Aug. 5, 2005) (jury verdict included $250,000 in non-economic damages); *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (awarding $151,333 for emotional distress damages in age discrimination and wrongful termination case); *Aboulafia v. GACN Inc.*, No BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering awards of at least $250,000 to each of four employees in age discrimination and wrongful termination action).

### iii.     Punitive Damages Further Increases the Amount in Controversy

13. Plaintiff also requests an unspecified amount in punitive damages, based on repeated allegations that Amazon's conduct was "oppressive[], "malicious[]," and "evil. **Ex. A** ¶¶ 29, 39, 49, 58, 62. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Because California juries have returned verdicts with substantial punitive-damage awards in employment discrimination actions, Plaintiff's claim for punitive damages substantially increases the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Ko v. The Square Grp., LLC*, Case No. BC 487739, 2014 WL 3555573 (Cal. Super. Ct. June 17, 2014) (disability discrimination case resulting in punitive damages award of $500,000); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

### iv.     Attorney's Fees Further Increase the Amount in Controversy

14. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. **Ex. A** ¶ 62. Courts have held that an award of attorneys' fees may be considered for purposes of calculating the amount in controversy. *See, e.g., Galt G/S*, 142 F.3d at 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation."). The total amount of attorneys' fees that could accrue during the course of litigation are considered. *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3–4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008WL 3863489, at

*4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal. 2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

15. Here, Plaintiff brings claims under FEHA, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b).

16. Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after just 250 hours of work. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)"). Plaintiff's counsel would likely exceed this amount during just the pretrial phase of litigation. Accordingly, the amount of attorneys' fees incurred by Plaintiff in connection with prosecuting this action would further increase the above estimates of the amount in controversy.

**B.** **Amazon and Plaintiff Are Not Citizens of the Same State**

17. Plaintiff resides in San Leandro, California, and does not allege any alternate state citizenship. **Ex. A ¶ 5.** Therefore, Plaintiff is a citizen of the state of California for purposes of removal. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) ("An individual is a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

18. Amazon is a corporation organized under the laws of the State of Delaware. Plaintiff admits that Amazon is a Delaware corporation. **Ex. A ¶ 6.** Its principal place of business is in Seattle, Washington, where its officers direct, control, and coordinate corporate activities.

19. For purposes of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-100" named in the Complaint is therefore immaterial to the jurisdiction inquiry. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating

that for purposes of removal, the citizenship of Defendant sued under fictitious names shall be disregarded).

## IV. **OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

20. This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. §1441(a), because it encompasses the county in which this action has been pending.

21. Amazon will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, in which the action is pending, as required under to 28 U.S.C. § 1446(d).

22. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon, as well as other documents filed in the state-court action, are filed concurrently with this Notice of Removal as exhibits.

## V. **CONCLUSION**

23. Based on the foregoing, Amazon requests that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

24. If any question arises as to the propriety of the removal of this action, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: May 26, 2022

MORGAN, LEWIS & BOCKIUS LLP

By _____
Brian D. Berry
Roshni C. Kapoor
Michelle L. Quach
Attorneys for Defendant
AMAZON.COM SERVICES LLC