# EXHIBIT D TO NOTICE OF REMOVAL


1  MORGAN, LEWIS & BOCKIUS LLP
   Brian D. Berry, Bar No. 229893
2  Roshni C. Kapoor, Bar No. 310612
   One Market
3  Spear Street Tower
   San Francisco, CA  94105
4  Tel:   +1.415.442.1000
   Fax:   +1.415.442.1001
5  brian.berry@morganlewis.com
   roshni.kapoor@morganlewis.com
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Michelle L. Quach, Bar No. 335098
   1400 Page Mill Road
8  Palo Alto, CA  94304
   Tel:   +1.650.843.4000
9  Fax:   +1.650.843.4001
   michelle.quach@morganlewis.com
10
   Attorneys for Defendant
11 AMAZON.COM SERVICES LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
05/25/2022 at 05:04:47 PM
By: Cheryl Clark, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| DANA LASHAWN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1 throoough 10, inclusive,<br><br>　　　　　Defendants. | Case No. 22CV010316<br><br>**ANSWER TO COMPLAINT**<br><br>Trial Date: N/A<br>Date Action Filed: April 22, 2022 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43155055.1                    ANSWER TO COMPLAINT

Defendant Amazon.com Services LLC ("Amazon" or "Defendant") by and through its undersigned counsel, hereby answers Plaintiff Dana Lashawn Williams' ("Plaintiff") Complaint ("Complaint"), and admits, denies, alleges, and asserts affirmative defenses and other defenses as follows:

## **GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Amazon generally denies each, every, and all material allegations of the Complaint, and each and every purported cause of action set forth therein. Amazon further denies that Plaintiff has been damaged in any sum or sums, or at all.

## **DEFENSES**

The defenses asserted below are based on Amazon's knowledge, information, and belief at this time. Amazon reserves the right to modify, amend, and/or supplement any defense at a later time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Amazon alleges the following separate defenses to Plaintiff's Complaint and prays for judgment as set forth below:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

1. The Complaint, and each claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

2. Plaintiff's claims are barred in whole or in part to the extent they were not asserted within the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 338, 340, 343 and California Government Code §§ 12960, 12965.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Failure to Exhaust Administrative Remedies)**

3. Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust Plaintiff's administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

4. Plaintiff's claims are barred to the extent that such damages could have been avoided under the doctrine of avoidable consequences. Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective action safeguards and internal processes provided by Defendant or otherwise to avoid harm.

## FIFTH AFFIRMATIVE DEFENSE

**(Proportional Fault)**

5. Plaintiff's claims are barred to the extent that any non-economic damages sustained by Plaintiff in this action were due to the fault of someone other than any named Defendant, as Defendant can only be held liable for those non-economic damages proportionally caused by the fault of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

**(Excuse)**

6. Plaintiff's claims are barred in whole or in part because Plaintiff's actions or inactions served to excuse any performance by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

7. Plaintiff's claims are barred in whole or in part by Plaintiff's own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought hereby.

## EIGHTH AFFIRMATIVE DEFENSE

**(Workers' Compensation Exclusivity)**

8. Plaintiff's claims are barred to the extent that Plaintiff seeks recovery for purported physical, mental, or emotional injuries allegedly suffered as a result of Plaintiff's employment because the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, and the California Labor Code §§ 3200 *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

9. To the extent that Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled, under the equitable doctrine of setoff and recoupment, to offset all obligations of the Plaintiff owed to Defendant against any judgment that may be entered against Defendant, including but not limited to any overpayments made to Plaintiff, as well as of any income and/or benefits Plaintiff has or will receive from other sources, including Unemployment Insurance, Workers' Compensation, California State Disability Insurance benefits, or alternative and/or subsequent employment.

**TENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

10. Plaintiff's claims are barred in whole or in part by the principles of accord and satisfaction, and payment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Release and Waiver)**

11. Plaintiff's claims are barred in whole or in part to the extent they have been released or waived.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands and/or Plaintiff's own inequitable or wrongful conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

13. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

14. Plaintiff's claims for punitive damages are barred because an award of punitive damages is an unconstitutional denial of Defendant's right to due process and/or equal protection

under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Good Faith/Lack of Malice)**

15. Plaintiff's claims are barred in whole or in part because Defendant acted without malice and with a good faith belief in the propriety of its conduct

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

16. Plaintiff has failed to diligently mitigate Plaintiff's alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

17. Plaintiff's claims are barred in whole or in part based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation by Plaintiff because it would have materially affected the terms and conditions of Plaintiff's employment or prospective employment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Mixed Motive)**

18. Plaintiff's claims are barred in whole or in part because Defendant alleges that, to the extent discrimination or retaliation was a motivating factor in the decisions affecting Plaintiff (which Defendant denies), legitimate reasons, standing alone, would have induced Defendant to make the same decisions.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Legitimate, Non-Discriminatory Reason)**

19. Plaintiff's claims are barred in whole or in part because Defendant acted based on legitimate, non-discriminatory and non-retaliatory reasons.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DB2/ 43155055.1            ANSWER TO COMPLAINT

### TWENTIETH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

20. Plaintiff's claims are barred in whole or in part because Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances, then existing, and was privileged and justified and/or a result of business necessity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Hardship)

21. Plaintiff's claims are barred in whole or in part because the disability accommodation or accommodations that Plaintiff sought, if any, would have imposed an undue hardship on Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Health/Safety Risk)

22. Plaintiff's claims are barred in whole or in part because, even with accommodations, Plaintiff was unable to perform the essential functions of Plaintiff's position without endangering or creating a direct threat of harm to Plaintiff's health and/or safety, or the health and/or safety of others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Adequately Engage in the Interactive Process)

23. Plaintiff's claims are barred in whole or in part because, even if hat Plaintiff had a disability that limits a major life activity and Defendant had an obligation to reasonably accommodate such a disability, Plaintiff abandoned the interactive process and/or did not participate in the interactive process reasonably and in good faith.

### RESERVATION OF RIGHTS

Amazon reserves its right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Amazon prays for judgment as follows:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Plaintiff takes nothing against Amazon by the Complaint;

3. Judgment be entered against Plaintiff and in favor of Amazon;

4. Amazon be awarded its costs of suit incurred due to Plaintiff's Complaint, inclusive of reasonable attorney's fees according to law; and

5. For such other and further relief as the Court may deem just and proper.

Dated: May 25, 2022                                   MORGAN, LEWIS & BOCKIUS LLP

By _____
Brian D. Berry
Roshni C. Kapoor
Michelle L. Quach
Attorneys for Defendant
AMAZON.COM SERVICES LLC

## **PROOF OF SERVICE**

I, Angelica Ambriz, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA  94304. On May 25, 2022, I served a copy of the within document(s):

- **ANSWER TO COMPLAINT**

[x]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

[ ]   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

[x]   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Hunter Pyle<br>Natalia Ramirez Lee<br>HUNTER PYLE LAW<br>505 14th Street, Suite 320<br>Oakland, CA 94612<br>Telephone:  (510) 444-4400<br>Fax:  (510) 444-4410 | Attorneys for Plaintiff<br><br>Email:  hunter@hunterpylelaw.com<br>            nramirezlee@hunterpylelaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 25, 2022, at Palo Alto, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Angelica Ambriz